IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE D. ATLAND, *et al.*,** | : | **CIVIL NO. 1: 07 -CV-1431** |
| | : | |
| **Plaintiff** | : | **JUDGE SYLVIA RAMBO** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **YORK COUNTY** | : | |
| **TRANSPORTATION AUTHORITY,** | : | |
| | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Before the court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 16.)  The parties have briefed the issues, and the matter is ripe for disposition. For the reasons that follow, the motion to dismiss will be denied.

**I.       Background**[1]

Plaintiffs, a number of employees of York County Transportation Authority, filed a complaint against Defendant alleging lost wages pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL").  (Doc. 1.)  Plaintiffs have alleged that Defendant is a corporation and is therefore an employer within the meaning of the statute.  In Defendant's brief in support of its motion to dismiss,

---

[1]  In determining this motion to dismiss, all factual allegation made by Plaintiffs have been taken as true and have been construed in the light most favorable to Plaintiffs.

Defendant alleges it is a municipal authority and exempt from the WPCL.  (Doc. 17.)

## II.      Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief.  *Twombly*, 127 S. Ct. at 1965; *accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion

to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.**         **Discussion**

Defendant moves to dismiss Plaintiffs' complaint, arguing that it is exempt from the WPCL.  Under the WPCL, an employer "[i]ncludes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 Pa. Cons. Stat. § 260.2a.  The parties dispute whether Defendant is an employer within the meaning of the statute.

In interpreting which entities are included in the WPCL definition of employer, courts have applied the statutory construction principle, *expressio unius est exclusio alterius*, which states that "where certain things are designated in a statute, all omissions should be understood as exclusions." *Commonwealth of Pennsylvania v. Ostrosky*, 866 A.2d 423, 430 (Pa. Super. Ct. 2005).  Applying this principle, courts have held that the omission of municipal corporations[2] from the definition of employer indicates the legislature's intent to exclude them.  *See Huffman v. Borough of Millvale*, 591 A.2d 1137, 1139 (Pa. Commw. Ct. 1991) ("Municipal corporations such as the Borough are not included within the definition of 'employer,' and we, as an appellate court, cannot expand the definition of 'employer' to include them."); *Gallaher v. Goldsmith*, 213 F. Supp. 2d 496, 498-499 (E.D. Pa. 2002) ("Municipal corporations are not included in [the WPCL] definition [of employer] and therefore courts have determined that the [WPCL] does not apply to entities such as boroughs, school districts, and counties.").  Courts have also

---

[2]   Under the Pennsylvania statute, a municipal corporation is defined as "[a]ll cities, boroughs, towns, townships, or counties of this Commonwealth, and also any public corporation, authority, or body whatsoever created or organized under any law of this Commonwealth for the purpose of rendering any service similar to that of a public utility."  66 Pa. Cons. Stat. § 102.

declined to extend the definition of employer to include school districts. *See, e.g.*, *Wagner v. Tuscarora Sch. Dist.*, No. 1:04-CV-1133, 2005 WL 2319141, at *7 (M.D. Pa. Sept. 21, 2005) (holding that the WPCL does not apply to school districts); *Phillipsburg-Osceola Educ. Ass'n v. Phillipsburg-Osceola Area Sch. Dist.*, 633 A.2d 220, 223 (Pa. Commw. Ct. 1993) ("School district was not 'employer' under wage statute, though district was statutorily created 'body corporate' and corporations were defined as employers under statute . . ."). Following this "clear jurisprudential trend," a federal court further concluded that municipal authorities,[3] like other municipal entities, are exempted from the WPCL. *Carstetter v. Adams County Transit Auth.*, No. 1:06-CV-1993, 2008 WL 2704596, at *14 (M.D. Pa. July 8, 2008).

In the instant case, the Defendant argues that it is a municipal authority and exempt from the WPCL. In contrast, Plaintiffs argue that Defendant is a private corporation and therefore, an employer within the meaning of the statute. The law is well settled that in deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). Here, the court is unable to determine from the pleadings whether the Defendant is a municipal authority or a private corporation. Consequently, the court cannot determine at this stage in the litigation whether the

---

[3] Under the Pennsylvania statute, municipal authority is defined as "[t]he body or board authorized by law to enact ordinances or adopt resolutions for the particular municipality." 53 Pa. Cons. Stat. § 5602.

Defendant is exempt from the WPCL.  Accordingly, the court finds that disposition of this case on a motion to dismiss is inappropriate and will deny the motion.


**IV.**        **Conclusion**

In accordance with the foregoing discussion, Defendant's motion to dismiss for failure to state a claim will be denied.  (Doc. 16.)  An appropriate order will issue.

   s/Sylvia H. Rambo    
United States District Judge

Dated:  April 3, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


LAURIE D. ATLAND, *et al.,*           :        CIVIL NO. 1: 07 -CV-1431
                                      :
            Plaintiff                 :        JUDGE SYLVIA RAMBO
                                      :
            v.                        :
                                      :
                                      :
YORK COUNTY                           :
TRANSPORTATION AUTHORITY,  :
                                      :
            Defendant                 :


## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. 16) is **DENIED.**


                                    s/Sylvia H. Rambo
                                    United States District Judge

Dated: April 3, 2009.